F I L E D
Clerk
District Court
MAR 31 2025
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HUAISHU WANG,<br><br>　　　　Petitioner/Defendant,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent/Plaintiff. | Case No. 1:25-cv-00001<br>(Related Case: 1:22-cr-00005-2)<br><br>ORDER DENYING DEFENDANT HUAISHU WANG'S § 2255 MOTION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner-Defendant Huaishu Wang is a federal inmate currently serving a 188-month sentence of imprisonment for a drug offense. Before the Court is Wang's renewed Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed on August 7, 2024 ("Renewed Mot.," ECF No. 4). The Court entered Wang's Judgment on March 8, 2023. (J., ECF No. 81 *in* 1:22-cr-00005-2.) Now, over a year later, Wang asserts two grounds for his motion: ineffective assistance of counsel and a due process violation. (Renewed Mot. 1-2.) After reviewing Wang's motions, Letter of Clarification (ECF No. 7), the record, and authorities, the Court concludes Wang's Renewed Motion is untimely pursuant to 28 U.S.C. § 2255(f) and is therefore DENIED.

## I.    BACKGROUND

Wang entered into a Plea Agreement with the United States on October 13, 2022. (ECF No. 46 *in* 1:22-cr-00005-2.) At a change of plea hearing before the undersigned, the Court found that Wang was fully competent to enter a knowing and informed plea and accepted his guilty plea to count one of the Indictment for the offense of conspiracy to possess methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). (Mins., ECF No. 49 *in* 1:22-cr-00005-2.)

On March 8, 2023, the Court sentenced Wang to serve 188 months of imprisonment, 3 years of supervised release, to perform 100 hours of community service, and to pay a $100 special assessment fee. (Mins., ECF No. 79 *in* 1:22-cr-00005-2.) That same day, the Court entered Wang's Judgment. (J. 1.)[1] More than a year later, on March 14, 2024, Wang filed his notice of appeal to the Ninth Circuit. (ECF No. 102 *in* 1:22-cr-00005-2.)

While the appeal was pending, Wang filed a 28 U.S.C. § 2255 motion on April 29, 2024.[2] ("Original Motion," ECF No. 1.) Wang dated his motion April 23, 2024, and it was received by the clerk on April 29, 2024. (*Id.* at 3.) Subsequently, the Ninth Circuit reviewed Wang's response to an order to show cause, and having considered the response, dismissed his appeal as untimely. (Order, ECF No. 113 *in* 1:22-cr-00005-2.) Wang then filed what the Court construes as a renewed motion under 28 U.S.C. § 2255 on August 7, 2024, supported by a memorandum of law. (Renewed Mot. 1.) Wang later asserts in a Letter of Clarification that the two section 2255 motions are the exact same. (Letter of Clarification 1.)

**II.    LEGAL STANDARD**

A court may only summarily dismiss a 28 U.S.C. § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Mejia–Mesa,* 153 F.3d 925, 931 (9th Cir. 1998). A prisoner has a one-year period of limitation for a motion under section 2255, which shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

---

[1] Wang incorrectly states the name and location of the court that entered his Judgment as the U.S. District Court in Guam. (Original Mot. 1; Renewed Mot. 1.)

[2] The Ninth Circuit directs district courts to delay considering a section 2255 motion when there is an appeal pending with the Ninth Circuit or Supreme Court for reasons of judicial economy. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991)). As such, this Court delayed consideration of Wang's Original Motion, denied it without prejudice, and recognized that the Renewed Motion was left pending before it. (Order, ECF No. 5.)

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

  In regards to a federal inmate's filing, Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 3(d)") dictates:

  A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

### III.  DISCUSSION

  Wang asserts two grounds for his Renewed Motion entitling him to relief under section 2255: ineffective assistance of counsel and a due process violation. (Renewed Mot. 1-2.) Wang does not contend that there was a removal of an impediment to making his Renewed Motion, that the Supreme Court newly recognized his asserted right, or that the date on which the facts supporting his claims were discoverable was past the date the Court entered his Judgment. (*See id.*) Accordingly, the one-year period of limitation for Wang's motion runs from the date on which the judgment of his conviction became final. *See* 28 U.S.C. § 2255(f)(1).

  The Ninth Circuit has held that a sentence becomes a final judgment for habeas purposes once the deadline for filing a direct appeal expires, which is 14 days after the sentencing and entry of judgment, and therefore the one-year statute of limitations to file a section 2255 motion

begins to run with that expiration. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). Further, an inmate cannot reset section 2255's one-year time limit by filing a late appeal and thereafter having the Ninth Circuit dismiss it. *Cf. Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010). As noted by the Ninth Circuit, "[i]f the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such a notice until after the normal expiration date." *Id.* at 1054-55.

Here, the Court entered Wang's Judgment on March 8, 2023. (J. 1.) He had 14 days to appeal his Judgment. Fed. R. App. P. 4(b)(1)(A)(i). After the 14-day appeal period expired, the one-year statute of limitations to file a section 2255 motion began. *See Gilbert*, 807 F.3d at 1200. Therefore, Wang had until March 22, 2024, to timely file his section 2255 motion. However, applying Rule 3(d), Wang did not file his Original Motion until April 23, 2024—more than a month after his motion was time-barred. Therefore, even using the self-declared date of his Original Motion, which the Court delayed considering because of Wang's pending appeal before the Ninth Circuit, this Court finds Wang's motion, under either the Original or the Subsequent motion, to be untimely.[3]

**IV.    CONCLUSION**

For the foregoing reasons, the Court finds that Wang's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1) and is therefore DENIED. In addition, because Wang has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2) as

---

[3] The Administrative Office of the United States Courts publishes a fillable section 2255 motion for individuals in federal custody, AO 243 (Rev. 09/17). ("AO 243"). On page 12, the form states: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Wang's Renewed Motion generally tracks the language of AO 243, but does not include any explanation as to why the one-year statute of limitations does not bar his motion.

required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability.

The Clerk is directed to enter judgment against Wang, close the case, and notify Wang of this decision and final order.

IT IS SO ORDERED this 31st day of March 2025.

/s/ <br>
RAMONA V. MANGLONA <br>
Chief Judge